## No. 15,183.

Toy et al. *v.* Rogers et al.
(165 P. [2d] 1017)

Decided February 4, 1946.

Mr. Wm. F. Robinson, Jr., Mr. John E. Gorsuch, Mr. James B. Radetsky, for plaintiffs in error.

Mr. Ernest L. Rhoads, for defendant in error Rogers.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

This action was brought to foreclose mechanics' liens. At the conclusion of the plaintiffs' evidence, defendants moved for *nonsuits,* which motions were granted,

and thereafter judgments of dismissal entered, to review which, plaintiffs have brought the case here by writ of error.

E. S. Toy, A. F. Blair, doing business as the Blair Electric Service, W. B. Barr Lumber Company, a corporation, the Rio Grande Fuel Company, a corporation, and the Barnett Fuel & Oil Company, a corporation, were plaintiffs and lien claimants, and Sadie D. Rogers, Paul R. Emrick, and Ruby B. Wilson were defendants. Sadie D. Rogers is the only defendant entering her appearance here.

In this opinion we will refer to the parties as plaintiffs and defendants or by name.

The complaint alleged the corporate existence of those lien claimants which were corporations; that Sadie D. Rogers was the owner of the property upon which the lien was claimed, subject to a lease to defendants Emrick and Wilson; that the lien claimants had entered into a contract with the defendants to make certain installations and repairs or to furnish labor, materials, supplies and fixtures for the purpose of remodeling the building so owned by Rogers; the reasonable and agreed value of the labor, materials, supplies and fixtures, the part payment on account of the contract, and the balance due thereon, for which separate judgments were sought by each lien claimant.

In her answer Rogers admits the corporate existence of certain lien claimants; admits her ownership of the real estate; denies that she entered into any contract for the labor, materials and supplies mentioned; and generally denies all other allegations in the complaint because of lack of knowledge or information upon which to base a belief. For a further answer and defense Rogers alleges that on September 25, 1940, while the owner of the premises, she entered into a written lease and option to purchase with defendants Emrick and Wilson whereby the premises were leased to them

for a period of ten years from September 25, 1940, with the privilege extended to purchase upon certain terms and conditions therein set forth. The lease and option was recorded September 27, 1940, in the office of the clerk and recorder of the City and County of Denver. She further alleges that under the terms and provisions of the lease she agreed to provide Emrick and Wilson with $5,000.00 to be expended by them "in remodeling and furnishing the top floor" of the building upon the premises; that she agreed to pay all bills for labor and material upon the premises authorized by Emrick and Wilson, not, however, to exceed the sum of $5,000.00. There is a further allegation that she made the sum of $5,000.00 available for remodeling and furnishing the top floor and that the same had been fully expended. She specifically denies any contract with any of the lien claimants.

At a pretrial conference the following facts were admitted: 1. Defendant Rogers' ownership of the premises; 2. the execution and recordation of the lease and option prior to any transactions with the lien claimants; 3. the lien statements were legally sufficient, of equal rank, and the sums demanded therein were still due and unpaid.

The only point specified for reversal is: The trial court erred in sustaining the motion of defendants for a *nonsuit*.

The plaintiffs' evidence discloses that their business arrangement for remodeling and furnishing the premises was made with Emrick, who, it appears, was the husband of Rogers. It also discloses that defendant Rogers was frequently on the premises; saw the work as it progressed; issued orders, and made suggestions with reference thereto. It further discloses her entire failure to comply with any of the provisions of section 19, chapter 101, '35 C.S.A., if she sought to relieve her property from mechanics' liens. Plaintiffs' evidence wholly failed to establish any contract between them

and defendant Rogers, and no competent evidence was introduced to establish the relationship of principal and agent between defendants Rogers and Emrick.

During the entire course of the trial the record discloses that there was no objection interposed at any time by attorneys for defendants Rogers and Wilson, and the case was tried and the evidence was introduced as if the complaint had been based upon section 19, supra, instead of section 15, chapter 101, '35 C.S.A.

As we view the record and presentation of the case here, the trial court entered its judgment upon the assumption that plaintiffs having failed to establish by competent evidence a valid contract with Mrs. Rogers, the motion for a *nonsuit* and judgment in accordance therewith was proper. This would have been true under the Code as extant prior to the adoption of our Rules of Civil Procedure effective April 6, 1941. Subsequent to the judgment, plaintiffs moved an amendment to their complaint to conform with the proof, which motion was denied.

If the trial court properly sustained defendants' motion for *nonsuit,* the judgment of dismissal is right and must be affirmed; otherwise, reversed. Rule 15 (b), R.C.P. Colo., is applicable and provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. * * * "

■ The evidence offered clearly established the right of the lien claimants to charge defendant Rogers' property with a lien under section 19, supra, and this seems to be conceded by defendant. This evidence was offered and received without objection. It is true that

the complaint was not based upon the provisions of section 19, and, consequently, no issue was presented thereon; nevertheless defendants, by failing to object to evidence applicable under the provisions of section 19 impliedly consented that the action should be tried · in all respects as if the issue had been raised under this section. Under these circumstances, defendant may not now be heard to complain. She takes the position that no lien can be foreclosed under the provisions of section 19 because not pleaded. This position is erroneous. Under the provisions of rule 15 (b), R.C.P. Colo., notwithstanding the complaint was based on contract, when evidence was received without objection clearly establishing plaintiffs' right under section 19, the plaintiffs could then amend their complaint to conform to the proof either at the trial or subsequent to judgment, and their failure to amend the complaint at all would not inure to the benefit of defendant nor affect the result of the trial if defendant impliedly consented to the trial of this issue. *Swift & Co. v. Young,* 107 F. (2d) 170; *Continental Illinois National Bank & Trust Co. v. Ehrhart,* 127 F. (2d) 341; *Fifth Avenue Bank v. Hammond Realty Co.,* 130 F. (2d) 993; *Rogers v. Union Pacific Railroad Co.,* 145 F. (2d) 119; *Franklin v. Columbia Terminals Co.,* 150 F. (2d) 667; *Scott v. Baltimore & O. R. Co.,* 151 F. (2d) 61.

While it is not a matter of importance here, nor does it affect the result, we direct counsels' attention to the fact that motions for *nonsuit* are not proper under the Colorado Rules of Civil Procedure. The motion should have been for dismissal. R.C.P. Colo., rule 41 (b) (1).

Counsel now appearing for defendant did not participate in the trial of this cause.

The judgment is reversed and the cause remanded for such further proceedings, as the parties may be advised.