No. 15,920.

SCHELLER *v.* MAWSON.
(185 P. [2d] 1009)

Decided September 29, 1947.  Rehearing denied November 3, 1947.

Mr. ALDEN T. HILL, Mr. LLOYD E. WILLIAMS, for plaintiff in error.

Messrs. APPLE & WEST, for defendant in error.

MR. JUSTICE LUXFORD delivered the opinion of the court.

THE parties are here in reverse order of their appear-

ance in the trial court and are hereinafter referred to as there.

Plaintiff sued defendant on a cognovit note and had judgment which was set aside on defendant's motion, and he was permitted to file his answer. Trial was to the court without a jury and judgment was for plaintiff. Defendant brings the case here on error and specifies as points for reversal: (1) That plaintiff did not purchase the note for value; (2) that under the judgment, defendant was deprived of an opportunity to raise issues on the open account and to have the case tried in its proper venue; (3) that the court improperly gave judgment on a cause of action neither pleaded, proved nor relied upon by plaintiff and expressly not in issue; (4) and that plaintiff failed to establish the allegations of his complaint.

Plaintiff, a lumber dealer at Fort Collins, sold building material and supplies to defendant, a carpenter and builder. The parties dealt with each other over a period of years treating each job as a whole. Defendant gave the note, the subject of this litigation, to the First National Bank of Fort Collins and transferred and delivered as security therefor, "agreement between the undersigned [defendant] and Dr. Guy A. Lightfoot," for whom the building was being constructed. The note was assigned to plaintiff.

1. Plaintiff purchased the note for value. He testified: "Q. And how did you come by the ownership of the note? A. I paid $705.09. Q. You paid valuable consideration for that note? A. Yes, sir." This testimony was not disputed.

■■ 2. Open account — venue. The case was tried without objection as an accounting suit. Subpoenas duces tecum were issued, records were produced, identified and introduced in evidence. From these records and the testimony of witnesses, the court found for plaintiff in the sum of $704.40, together with $216.71 interest, a total of $921.11, for which judgment was entered. There

was ample evidence to warrant the court in rendering its judgment. Defendant waived the question of venue by making a general appearance, filing an answer, and going to trial without raising the question of jurisdiction in apt time or at all. *Kingsbury v. Vreeland,* 58 Colo. 212, 214, 144 Pac. 887.

3, 4.. Court gave judgment on the case tried. The suit was on a cognovit note. It was tried as an accounting suit. Defendant impliedly consented to the trial as such. This being true, "failure to amend the complaint at all would not inure to the benefit of defendant nor affect the result of the trial." *Toy v. Rogers,* 114 Colo. 432, 436, 165 P. (2d) 1017.

The judgment is affirmed.

MR. JUSTICE JACKSON dissents.

MR. JUSTICE STONE does not participate.

MR. JUSTICE ALTER concurs in the result.

MR. JUSTICE JACKSON dissenting.

The record in this case shows that Mawson, on the representation that he was Scheller's agent, acquired the note in question from the bank which held it. Although claiming to be Scheller's agent, this transaction was consummated without Scheller's direction and, in fact, without Scheller's knowledge. Scheller first knew of it when Mawson brought suit in the county court of Weld county on the note. At that time both Mawson and Scheller were residents of Fort Collins, Larimer county; and but for the note being a cognovit or judgment note the proper venue of the action would have been Larimer county. The complaint was based solely on the promissory note, and defendant denied the obligation by pleading payment. In the subsequent trial, Scheller, to prove payment, introduced testimony concerning the Lightfoot residence contract which had been put up as collateral security for the note sued upon.

There was also a reference in the testimony to one of the other building jobs. Mawson testified that he was suing simply on the promissory note, as witness the following: "Q. You are the plaintiff in this action? A. Yes sir. Q. And it is your contention that the sole claim you have against the defendant, Scheller, is on this note that you have, is that right? A. Yes sir. Q. You brought this action on the note alone, is that right? A. Yes. Q. And you are still standing on that note alone, is that right? A. Yes sir."

In spite of Mawson's testimony, the trial court, after finding that the note which was the subject matter of the action had been paid, went further and entered judgment for the plaintiff on the basis of an account due, although no general accounting had been asked for by either the plaintiff or the defendant in the case and the record does not disclose that either party contemplated that a decree in a general accounting suit should issue, or that the evidence pretended or was intended to be a comprehensive presentation of all of the debits and credits existing in all of the accounts between the two parties.

I cannot bring myself to join in affirming the judgment in this case, where the evidence does not disclose that either party sought a judgment in accounting and where it is not clear that all of the evidence necessary for a decree in a general accounting suit has been introduced. I cannot agree with the majority opinion that this case was tried as an accounting suit and that the defendant impliedly consented to the trial as such.

In *Toy v. Rogers, supra,* relied upon in the court opinion, there was a variance between the pleading and the proof. The plaintiff brought the case under section 15, chapter 101, '35 C.S.A. The evidence was applicable to section 19 of that statute. No objection was made to the admission of evidence, and this court held the parties were bound by it and applied section 19. But in the instant case there was no such variance between the

pleadings and the evidence. Plaintiff, having based his complaint on a note owing by defendant, stated in the course of the trial that his sole claim was on the promissory note. Defendant, having in his answer denied that he owed anything on the note for the reason that it was already paid, presented evidence sufficient to convince the trial judge that it was paid. Each party submitted evidence in direct support of his respective pleading. *Kingsbury v. Vreeland, supra,* also cited in the majority opinion, would be applicable only if the plaintiff had testified that he was seeking an accounting as well as payment on the promissory note. Then defendant would have had ground for seeking a change of venue, and had he not done so would have waived his right to raise the matter here. But when plaintiff testified his only cause of action was on the note, defendant had no ground for raising the question of venue and there can therefore be no implied consent to it.

The affirmance of this unusual judgment holds the possibility of doing a grave injustice. To reverse it and require that the parties try an accounting suit in the proper venue is merely to insure that all of the pertinent facts may be presented in a proceeding where both parties are fully aware of its nature at the time of the trial. We seem to have gone a great distance whence a litigant was bound by his pleadings to where he does not seem to be concluded even by his own testimony. This seems to be going several paces further than was intended by even the most ardent advocates of the new rules.