No. 19,852.

Edwin Ellsworth *v.* Colorado Beverage Company, Inc.,
ET AL.
(370 P. [2d] 159)

Decided April 2, 1962.

Messrs. Murray, Baker & Wendelken, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

Plaintiff in error Ellsworth, as plaintiff in the trial

court, brought action against the defendants in error in which he sought to recover damages for injuries allegedly sustained in a "slip and fall" accident on premises adjacent to real estate occupied by the Colorado Beverage Company, Inc., and owned by Paul B. Hill and Glen S. Bishop in Colorado Springs.

It was alleged in the complaint that the Beverage Company was the lessee of the premises described; that Hill and Bishop were the owners thereof; that, although a certain areaway is a public sidewalk, the defendants maintained it as parking space for the exclusive use of business guests, customers and invitees of the Beverage Company; that the areaway accumulated thin layers of slippery ice and snow which layers were not apparent to guests, customers or invitees of defendant Beverage Company; that defendants knew or should have known of this dangerous condition; that on March 11, 1958, plaintiff, as guest, customer and invitee of defendant Beverage Company, parked his auto in said parking area and upon alighting therefrom slipped and fell on the ice and as a result of the fall suffered personal injuries; and that said fall and resulting injuries were the result of the negligence of defendants, their officers, agents and employees.

Separate answers were filed by the lessee and the owners. These answers denied negligence of defendants and affirmatively alleged that any injuries sustained by Ellsworth resulted from his own negligence and that he had assumed any risk involved in making use of the premises on which the accident occurred.

The deposition of Ellsworth was taken and photographs and drawings of the premises were before the trial court as part of the proceedings relating to hearing on motions for summary judgment filed by defendants. The trial court held that on the undisputed matters before it there was no genuine issue of fact to be determined and that summary judgment should issue in favor of defendants. Ellsworth seeks review by writ of error.

Facts concerning which there is no dispute are as follows: On March 11, 1958, Ellsworth fell as he was stepping from his parked automobile. The fall occurred on Vermijo street in the city of Colorado Springs some six or seven feet north of the building owned by Paul B. Hill and Glen S. Bishop, and leased by them to the Beverage Company at 613 West Vermijo street, Colorado Springs. Vermijo street is platted, used and maintained by the city of Colorado Springs, and runs on the north side of defendants' building. There are no curbs, sidewalks or pathways for pedestrian use adjoining defendants' building or in this general area, it being an industrial area. The entire street is used for vehicular traffic and parking. It is not disputed that the accident occurred on a public street maintained by the city of Colorado Springs, a municipal corporation.

On behalf of Ellsworth it is urged that the trial court erred in entering a Summary Judgment. Although the Summary of Argument contains three captions the matters are all covered by one general statement as follows: "The judgment of the trial court, treated as a dismissal for failure to state a claim, was improper because cases of injury on abutting publicly owned property are decided by questions of fact properly raised in Plaintiff's Complaint including the negligence of the Defendants; the status of the injured in relation to the Defendant such as business guests, invitees or trespassers; the actual or constructive notice to the Defendant of the dangerous condition of the premises in question and the negligence or contributory negligence of the Plaintiff."

On behalf of defendants it is argued:

"A. The owner of adjoining property is under no obligation to repair or maintain the street in front of his premises, and is not liable for an injury arising from a defect therein which does not result from his *affirmative act.*

"B. Plaintiff's complaint fails to allege any actionable negligence on the part of the defendant.

"C. The uncontroverted facts are that the accident occurred on a public street which street was used and maintained by the City of Colorado Springs, and the failure to allege or claim any affirmative act of negligence on the part of the defendant fully justify the granting of a Summary Judgment by the Trial Court."

■ There is no contention that any of the defendants by affirmative act created the dangerous condition on the publicly owned property where the accident occurred. The claim of plaintiff is entirely unlike that in *Sill v. Lewis,* 140 Colo. 436, 344 P. (2d) 972, strongly relied on by Ellsworth in his brief. There, recovery was permitted for the affirmative act of defendant in discharging water upon a sidewalk in violation of a city ordinance. In the present action the claim is that defendants allowed ice to accumulate on a city street. It is not suggested how they might have prevented the formation of ice on a public street during a snow storm, nor is there a showing of any duty on defendants to prevent the icing of a public street adjacent to their property. No attempt is made to show a duty on the defendants to warn persons of the existence of ice on a public street adjoining their property. Our attention has not been directed to any authority holding an abutting property owner liable for a fall in a public street caused by ice thereon.

■ Plaintiff relies on a statement in 63 C.J.S. sec. 859, page 214, relating to the limited use of public property in a special manner for a particular purpose such as stoops, areaways, stairways or cellar doors. None of these conditions are present here. The undisputed facts are that Vermijo street, a public street without curb or sidewalk, adjoins defendants' property. A portion of the street is used for parking by the general public. Anyone has a right to park in the exact spot where plaintiff was injured. The mere fact that some of the Beverage Company customers park in the public street adjoining de-

fendants' building does not give the company or its customers any exclusive or preferential right to such parking. Nor does it impose a duty on defendants to keep that portion of the public street free from ice. We think it sufficient to direct attention to the general rule as stated in 63 C.J.S., p. 216, §860, which we quote in part as follows: "In the absence of statute the owner or occupant of adjoining property is under no obligation to repair the street in front of his premises, and is not liable for an injury arising from a defect therein which does not result from his affirmative act, or that of his agent or servant, even though he owns the fee in the street. * * *"

The judgment is affirmed.

MR. CHIEF JUSTICE DAY and MR. JUSTICE McWILLIAMS concur.