EDITH CROSSWHITE, APPELLEE, V. CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLANTS.

175 N. W. 2d 908

Filed March 20, 1970. No. 37346.

Norman Krivosha, Richard R. Wood, and Mattson, Ricketts & Gourlay, for appellants.

Healey & Healey and Dennis D. Burchard, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is an action for damages for personal injuries sustained by the plaintiff, Edith Crosswhite, when she tripped and fell on a city sidewalk. The defendants were the City of Lincoln, Nebraska, and the individual owners of the property adjoining the street and sidewalk. The jury verdict was for the plaintiff and against all the defendants, in the amount of $14,500. The defendants have appealed.

At approximately 6 a.m. on the morning of December 6, 1967, the plaintiff, Edith Crosswhite, was on her way to work. She was employed at the spot labor office of the State of Nebraska, which was then located at 317 South 11th Street, in downtown Lincoln. It was dark at the time. There were two street lights in the block, but the lighting was poor. She parked her car at the curb on the west side of 11th Street, a short distance south of her place of employment. She got out of her car, stepped up on the curb, and started toward her office. She tripped and fell over an obstruction in the sidewalk. The obstruction was a pipe, a few inches in diameter, which protruded about 3½ inches above the concrete surface of the sidewalk. It was variously

referred to in the record as a stop box, water pipe, or service valve.

The stop box was part of the water system and was located in the sidewalk 2 feet 8 inches from the curb. The stop box was installed in 1888 under a permit issued by the City of Lincoln to predecessor owners of the individual defendants' property. The present sidewalk was constructed about 1921. The stop box had protruded from the sidewalk at least since 1950, and, presumably, since the sidewalk had been constructed.

The purpose of a stop box is to shut off the flow of water from the city water main to the property of the water consumer. The pipe which protruded from the sidewalk was a means of access to the valve in the water lines, which were some 42 inches below the ground at that point. A water meter and another shut-off valve were inside the building on the property of the individual defendants.

The City of Lincoln, in its proprietary capacity, owns and operates the municipal water system. Ordinances require the installation of a stop box in every pipe attached to a city water main. The ordinances also provide where the stop box shall be placed and require that it have a tight fitting lid with the word "City" or "City Water" cast on it, and that it be of a make or pattern approved by the water department. Stop boxes may be and are used by both the property owner and the city. There was no evidence here that either the city or the individual defendants had ever used this particular stop box.

Ordinances also provide that only the city may tap the water main and a property owner is required to obtain a permit from the city to connect to the water tap. The stop box and supply and service lines are installed by a plumber for the property owner and at the property owner's expense. The water department must inspect and approve such installations and no plumbing work is to be covered or backfilled until examined by the

water department. Ordinances require water consumers to keep their own service pipes, supply pipes, stop cocks and boxes in good repair and protect them from frost at their own expense. Other ordinances of the city provide that sidewalks shall be kept free of all obstructions, and make it unlawful to obstruct a sidewalk in any manner.

All defendants contend that the plaintiff was guilty of contributory negligence as a matter of law. We cannot agree. In the absence of notice or knowledge to the contrary, a pedestrian making normal use of the public sidewalk, night or day, has a right to assume that it is in reasonably safe condition, and while he must use ordinary care for his personal safety and make reasonable use of his faculties to avoid injury to himself, he is not required to keep his eyes fixed on the ground or to be on a constant lookout for danger. 19 McQuillan, Municipal Corporations (1967 Rev. Ed.), § 54.122, 54.122a, pp. 355 to 361, and cases there cited.

On the basis of the evidence here, it is apparent that different minds might reasonably draw different conclusions from the evidence. Under such circumstances, the matter was properly submitted to the jury. See Hickman v. Parks Construction Co., 162 Neb. 461, 76 N. W. 2d 403, 62 A. L. R. 2d 1040.

A major issue is whether the city or the adjoining property owners, or both of them, had control over the stop box and a duty to maintain it and the sidewalk in a safe condition. As to the City of Lincoln, we believe the issue is settled by the case of Harms v. City of Beatrice, 142 Neb. 219, 5 N. W. 2d 287, 142 A. L. R. 239. Under quite similar factual circumstances, this court held that a water installation located within inches of a sidewalk was a part of the water works system of the city which it must construct and maintain in a reasonably safe condition. This court held that in operating a water system a city acts in its proprietary capacity and is liable for negligence to the same extent as a private cor-

poration engaged in the same business. That case also made it clear that the duty of the city existed irrespective of any contract or agreement with the adjoining property owner as to the payment of the cost of installation, and also that the duty could not be delegated. In the case at bar, the city required and exercised the right of supervision and inspection. It even embodied its former water department rules into ordinances. No prospective consumer is in any position to argue with the city. All the facts here make it clear that the city should not be permitted to delegate the duty it owes to the public to maintain the water works system in a safe condition. A supply or service line from a water main to the property of a consumer, including a stop box constructed and maintained in a public sidewalk, is a part of the water system of a city which it must construct and maintain in a reasonably safe condition for the protection of the public.

With respect to the liability and duty of the adjoining property owners, we believe the better rule is that an abutting landowner may be subject to liability for the dangerous condition of portions of the public sidewalk which have been altered or constructed for the benefit of his property and which serve a use independent of and apart from the ordinary and customary use for which sidewalks are designed. See, Peters v. City & County of San Francisco, 41 Cal. 2d 419, 260 P. 2d 55; Restatement 2d, Torts, § 350, p. 231. Such a duty runs with the land and a property owner cannot avoid liability on the grounds that the condition was created by or at the request of his predecessors in title. See, City of Omaha v. Philadelphia Mortgage & Trust Co., 88 Neb. 519, 129 N. W. 996; Peters v. City & County of San Francisco, *supra.*

We believe the jury was entitled to find from the evidence that the stop box here was subject to the control of either the city or the adjacent property owners or both. The stop box and water facilities were for the benefit

of the proprietary business of the city, and for the benefit of the property owned by the individual defendants. The use of the sidewalk for the purpose of installing and maintaining a water facility was a use independent and apart from the ordinary and customary use for which sidewalks are designed. Both the city and the abutting landowners owed a duty to the traveling public to maintain the stop box in a reasonably safe condition. The duty of each is sufficiently independent that we find neither to be derivative from the other.

We hold that where persons are injured by a dangerous sidewalk condition created and maintained subject to the joint control of the city and an abutting landowner, and where the condition is maintained for the benefit of a proprietary business operated by the city, and is also for the benefit of the property of the abutting landowner, the city and the abutting landowner are joint or concurrent tort-feasors and each is directly liable for his own wrong. See, Peters v. City & County of San Francisco, *supra;* Osborn v. City of Nashville, 182 Tenn. 197, 185 S. W. 2d 510.

The action of the district court was correct in all respects and the judgment is affirmed.

AFFIRMED.