# No. 15,775.

## W. T. Grant Company *v*. Casady.

(188 P. [2d] 881)

Decided January 5, 1948.

Mr. JOHN P. BECK, for plaintiff in error.

Mr. L. BERNARD DAVIS, Mr. HOWARD ROEPNACK, Mr. HOWARD S. PINE, for defendant in error.

MR. JUSTICE ALTER delivered the opinion of the court.

LUONA CASADY, plaintiff below, recovered a judgment against W. T. Grant Company, a corporation, defendant, to review which this writ of error.

The action was originally instituted against the Grant Company, and the City and County of Denver, a municipal corporation. Upon trial to a jury the city was exonerated and is not a party here.

It is alleged in the complaint that plaintiff, without negligence or carelessness on her part, sustained injuries resulting from a fall on the sidewalk at the intersection of Sixteenth and Stout streets in the city of Denver, which sidewalk was adjacent to the property occupied by the defendant. It is further alleged:

"IV. That the City and County of Denver has the management and control of its public highways and streets and the crosswalks thereat, and particularly the crosswalk described herein; that it was the duty of the City and County of Denver to keep 16th and Stout Streets and the crosswalks at said intersection in a reasonably safe condition for travel by the public at all times.

"V. That by ordinance of the City and County of Denver it is required, at all times herein mentioned, that the occupants of buildings keep the sidewalks adjacent thereto free and clear of ice and snow at all times.

"VI. That notwithstanding the duty imposed upon the defendants, all as alleged aforesaid, there was at the time of the injury heretofore set forth a dangerous and unsafe condition for pedestrians using said crosswalk and sidewalk by reason of a coating of ice on said crosswalk and sidewalk negligently left and permitted to exist by the defendants, and each of them.

"VII. That the defendants, and each of them, had notice of, or should have known of said defect and unsafe condition of said crosswalk and sidewalk for several hours prior to the time of the injury hereinabove set forth but neglected and failed to put said crosswalk and sidewalk in a safe condition for public travel."

In conclusion plaintiff alleges permanent injuries, and prays damages in the sum of $27,500.

In the answer of W. T. Grant Company it sets up the following defenses: First, it alleges that the complaint fails to state a claim upon which relief can be granted; second, it is alleged that the ordinances of the City and County of Denver, upon which plaintiff relies, impose no duty upon defendant to keep the sidewalk and cross-walk free and clear of snow and ice at any time, or at all, and it denies generally all other material allegations in the complaint; third, it alleges that the injuries were directly, proximately and solely caused by plaintiff's negligence and lack of care; fourth, contributory negligence on the part of plaintiff is alleged; fifth, it alleges that the injuries and damages occasioned by plaintiff's fall directly and proximately resulted from an unavoidable accident.

The jury returned a verdict against W. T. Grant Company for $1,500, and judgment was entered thereon. Defendant's motion for new trial was overruled.

Plaintiff testified that on the evening of March 27, 1944, at about 8:30 o'clock, she was walking in a northerly direction and crossed the intersection of Sixteenth and Stout streets; that as she stepped on the sidewalk at the northwesterly corner of the intersection, ice on the sidewalk caused her to slip and fall, resulting in permanent injuries. She further testified that she was a practical nurse and, as such, earned five dollars per day while engaged in the practice of her calling, and that she had resided in Denver approximately six months. She also stated that she was familiar with the street conditions at the intersections during snowstorms and inclement weather and had observed that defendant was accustomed to remove snow from the sidewalk adjacent to its building. She further testified that at the time of the accident no snow was falling and that she was walking carefully. There is no question raised as to the seriousness of plaintiff's injuries.

At the conclusion of plaintiff's evidence, section 1751 of the Denver Municipal Code, 1927, was offered and

received in evidence. It reads as follows: "It shall be the duty of all policemen to report to the department of improvements and parks all defects in sidewalks, and in case of accident, they shall report the same to the law department, together with the names of any witnesses to such accident, if known to them." This was the only section of the ordinances offered by plaintiff. Its application to the question here presented is not apparent, but presumably it was offered to establish liability of the city and defendant.

Plaintiff called one of defendant company's employees as a witness, who testified that it was the custom and practice of defendant to remove snow from the sidewalk adjacent to its building, and he further testified that at sometime about eight o'clock in the evening of March 27, 1944, but prior to plaintiff's accident, he personally had swept the sidewalk and removed all snow therefrom. He also stated that if ice formed on the sidewalk it was the practice to sprinkle salt and sand on the icy surface to prevent pedestrians slipping, and that that practice had been followed earlier on the night in question.

After plaintiff had rested her case, defendant interposed a motion for a nonsuit upon several grounds which we summarize by stating that the defendant, as an occupant of property abutting on a public sidewalk, owed no legal duty, and incurred no legal liability, to plaintiff for injuries sustained thereon due either to ice or snow, and that no ordinance of the city could be enacted to relieve it of its primary duty under the law, nor could the city by ordinance impose upon an occupant of a building adjacent to the sidewalk any legal liability to those who might be injured thereon. The motion for nonsuit was denied.

Defendant introduced in evidence a report of the Weather Bureau which established that hourly on the night in question, from five until ten o'clock, two hundredths of an inch of moisture fell; also, there was of-

fered and received in evidence without objection section 1746 of the Denver Municipal Code, 1927, which reads: "The owners or agents or occupants of houses, warehouses, stores or tenements and grounds belonging thereto or occupied by them shall keep the sidewalks and gutters in front of and adjoining such property clean, and *after any fall of snow shall cause the same to be immediately removed* from the sidewalk and gutters fronting their respective lots or parts of lots into the carriage way of the street. Any person or persons failing to comply with any requirement of this section shall, upon conviction thereof, be fined not less than five dollars nor more than fifty dollars." (Italics ours).

Four specifications of points are presented, i.e.: 1. Reversible error in denying defendant's motion to dismiss; 2. error in denying defendant's motion for a directed verdict at the close of all of the evidence; 3. error in permitting a departure in proof by plaintiff from the allegations of the complaint; 4. error in instructions.

Subsequent to the return of verdict and entry of judgment in her favor, plaintiff, being dissatisfied with the amount of the judgment, filed a motion for a new trial on the question of damages only, which was denied, and she has filed a cross specification of points, contending that the denial of this motion was reversible error.

■ 1. The decisions in this jurisdiction definitely establish that under the state statutes and city ordinances it is the original duty of the municipality to keep its streets and sidewalks in reasonably safe condition for travel, and for any injury occasioned by a neglect of this duty it will be primarily liable. *City of Denver v. Aaron,* 6 Colo. App. 232, 40 Pac. 587; *City of Denver v. Moewes,* 15 Colo. App. 28, 60 Pac. 986; *City of Denver v. Baldasari,* 15 Colo. App. 157, 61 Pac. 190; *Higgins v. City of Boulder,* 105 Colo. 395, 98 P. (2d) 996.

Section 15, article III, of the Denver Charter, 1927, provides: "Except as otherwise provided in this charter, the board of public works [Department of Improvements

and Parks] shall have exclusive management and control of the construction, reconstruction and maintenance of all public and local improvements, the care, repair and maintenance of all streets, alleys and other highways and public places; of all sewers, sidewalks, bridges,. viaducts, tunnels, and other like structures, of all building belonging to, and the construction of all buildings for the city and county, except buildings used exclusively for fire or police purposes or for hospitals * * *."

Under the provisions of this section, the department of improvements and parks is given the exclusive management and control of sidewalks, and under other pertinent provisions of the municipal code is authorized to raise the necessary funds to finance the discharge of this duty of exclusive management and control; therefore, a duty arises to keep the sidewalks in a reasonably safe condition for those who are lawfully engaged in the use thereof, and this exclusive authority and control carries with it a corresponding liability on the part of the municipality to respond in damages to any person injured by its neglect or failure to perform that duty.

As above stated, it is a mandatory duty imposed upon a city to keep its sidewalks in a reasonably safe condition for travel thereon, and this duty cannot be avoided, suspended, delegated or passed on to others by any act of the municipality. *City of Denver v. Aaron, supra; Dunbar v. Olivieri,* 97 Colo. 381, 50 P. (2d) 64; *Grooms v. Union Guardian Trust Co.,* 309 Mich. 437, 15 N.W. (2d) 698; *Hendley v. Daw Drug Co.,* 293 N.Y. 790, 59 N.E. (2d) 31; *Kelly v. Rose,* 291 N.Y. 611, 50 N.E. 1013; 2 Shearman & Redfield on Negligence (Rev. ed.), p. 834, §346; Restatement of the Law—Torts, §288; 2 McQuillin Municipal Corporations (2d ed. Rev.), p. 1189, §902; 3 McQuillin Municipal Corporations (2d ed. Rev.), p. 26, §919; 7 McQuillin (2d ed. Rev.), p. 65, §2916; 25 Am. Jur., p. 804, §522; 38 Am. Jur., p. 842, §168; 43 C.J., p. 1106, §1869; 1 Thompson, Commentaries on the Law of Negligence, p. 1092, §1219.

■ The provisions of section 1746 of the Denver Municipal Code, 1927, are penal in nature. We do not determine whether the municipality could legally impose a civil liability for their violation, but in any event it has not, by this section, attempted to do so. The wording of the section is specific and unambiguous. Its purpose unquestionably is to eliminate a source of danger to pedestrians by the imposition of a penalty. No civil liability having been attempted to be imposed upon those failing to obey the provisions of the section, we have no authority to make such imposition by inserting a provision therefor.

■ At common law the owner of property abutting sidewalks owed no duty to pedestrians to keep the walks adjacent to his property free from snow and ice which accumulated through natural causes; he was not required to guard against injuries to pedestrians by scattering ashes thereon or taking other precautions; neither did he incur liability to persons injured by reason of the fact that he did not take such precautions. We have examined many decisions in addition to those above cited and are persuaded that any attempt of a municipality to shift its liability and primary duty with respect to the safety of its public sidewalks to property owners is ineffectual and abortive. Any municipal ordinance which requires an abutting owner to keep the sidewalks free from snow and ice, and providing a penalty for his failure to do so, is penal in nature and does not impose upon him a civil liability for damages in favor of any person who may be injured by reason of its violation. All of the evidence introduced by plaintiff, as well as that presented by defendant, was material and pertinent to the cause of action alleged in the complaint, which, as we have heretofore stated, was based entirely upon defendant's failure to comply with the provisions of the ordinance. The last evidence introduced by the plaintiff before resting was section 1751, supra, of the Municipal Code. A careful consideration of the entire record we

think justifies the statement that throughout the trial plaintiff placed complete reliance upon defendant's violation of the provision of the ordinance as the basis of her cause of action; consequently, issues as framed by the complaint and answer were such that a motion to dismiss the complaint should have been granted.

Counsel for plaintiff, although in their pleadings having based her cause of action against defendant on the violation of the provisions of Municipal Code, 1927, apparently have abandoned that position. Defendant, in its motion for nonsuit, as well as in its motion for a directed verdict, urged a variance between the allegations and proof as one of the grounds upon which the motions were based. In the brief of counsel for plaintiff, with respect to variance, they state that the deposition of defendant's witness—which does not appear in the record—and in her opening statement—which is not preserved in the record—defendant was definitely advised that she did not seek to recover on the ground of the violation of the ordinance, but upon the ground that since defendant had assumed to clear the sidewalk and negligently left it in a dangerous condition, it incurred liability to plaintiff. There is a further statement in the brief that defendant, at the outset of the case, requested that its motion to dismiss be heard without prejudice after the introduction of plaintiff's evidence. This request is not disclosed in the record, and the intimation that the request was for the purpose of an entrapment is not justified. The deposition, as we have said, does not appear in the record; the opening statement was not recorded; and nowhere in the record do we find any request such as plaintiff's counsel now assert. It should be remembered that the last evidence offered by plaintiff to support the allegations of her complaint was the introduction of one section of the Municipal Code of the defendant city. It also should be borne in mind that all of the evidence introduced by either plaintiff or defendant was material and pertinent to a cause of action at-

tempted to be stated in the complaint. By the motion for nonsuit, plaintiff was advised that defendant was objecting to plaintiff's recovery on any ground or basis other than as stated in her complaint. While we are not obliged to do so, we have, nevertheless, examined the record and find therein for the first time concrete evidence in the instructions, to which defendant objected, that the recovery, if any, was to be based upon the theory that defendant, having undertaken to clear the sidewalk of snow and ice, was under a legal obligation to do so in such a manner that no one should suffer loss or injury. Defendant tendered an instruction which the trial court refused to give, which would have advised the jury that, under the provisions of the Municipal Code, no civil liability attached to defendant by reason of its failure to comply therewith. By this requested instruction defendant was again objecting to a trial of the issues upon any allegations other than those specifically contained in the complaint.

We are further strengthened in our determination by the fact that it is almost universally held that the mandatory and primary obligation is upon a municipality to keep its sidewalks in reasonably good condition for pedestrian travel. The jury returned a verdict in favor of the city, and by so doing must have determined that the sidewalk, at the time of the accident, was in reasonably good condition. The city, upon which rests the primary duty, cannot by ordinance require an abutting property owner to exercise any greater degree of care than is required of it in the discharge of its primary duty. Therefore, if under the evidence the city was not liable to plaintiff for injuries resulting from a condition of the sidewalk, defendant, having only a secondary duty, cannot be held liable.

Rule 15 (b) R.C.P., and our decisions relating thereto, are urged by plaintiff in support of his position that a variance, even if such be conceded, would not justify a reversal of the judgment. This rule would be

controlling were it not for the fact that the issue presented to the jury was not raised by the pleadings and was not tried by express or implied consent of the parties. Defendant's counsel by his motions and tendered instructions emphatically objected to a trial of any issue not presented by the pleadings. Nothing in our opinion in *Toy v. Rogers,* 114 Colo. 432, 165 P. (2d) 1017, or in *Newton Oil Co. v. Bockholt,* 115 Colo. 510, 176 P. (2d) 904, militates against our determination here.

Error was committed in denying defendant's motion for nonsuit, which we treat as one for dismissal, and in denying its motion for a directed verdict; also in giving to the jury, over defendant's objection, the instruction advising it that plaintiff might recover if it found that defendant undertook to discharge a duty by which the conduct of plaintiff might be regulated, and performed it in such a negligent manner that loss and injury to plaintiff occurred. Under the issues here presented, the instruction was erroneous. These errors being present, we cannot permit the judgment to stand.

Incidentally, we again, "direct * * * attention to the fact that motions for *nonsuit* are not proper under the Colorado Rules of Civil Procedure. The motion should have been for dismissal. R.C.P. Colo., rule 41 (b) (1)." *Toy v. Rogers, supra.*

We have considered other assignments, but our disposition of the case makes it unnecessary to discuss them.

The judgment, accordingly, is reversed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.