No. 18,368.

Hugo F. Sill, as Hugo Sill Motors *v.* Melba G. Lewis, as Guardian of Charles Albert Lewis.
(344 P. [2d] 972)

Decided October 13, 1959.

Messrs. Wormwood, O'Dell & Wolvington, for plaintiff in error.

Messrs. Hornbein & Hornbein, Mr. Roy O. Goldin, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

The parties will be referred to as they appeared in the trial court where defendant in error was plaintiff and plaintiff in error was defendant.

The cause is before this court on writ of error to review a judgment entered on the verdict of a jury awarding damages to the plaintiff resulting from a fall upon an icy sidewalk adjacent to premises of the defendant.

Plaintiff presented the case to the trial court, as well as here, upon the theory that the icy condition of the sidewalk was caused by the defendant who negligently maintained his premises so as to create a hazardous condition upon a public sidewalk. Plaintiff contended, and offered evidence to prove, that defendant's premises were constructed and maintained so as to discharge water upon the walk in violation of a city ordinance. The icy condition of the walk was attributed by plaintiff to freezing of this water, after which the ice was covered by a skiff of snow.

As grounds for reversal it is argued by counsel for defendant that expert testimony was improperly admitted; that the trial court should have directed a verdict for the defendant; and that the court erred in refusing to submit to the jury the question of whether the plaintiff was guilty of contributory negligence.

No new or unusual situation is presented by the record which requires us to set forth in detail the full circumstances surrounding the accident. There are conflicts in the evidence in some particulars and the jury resolved those conflicts in favor of the plaintiff. The objection going to the expert testimony goes to the weight of the evidence rather than to its admissibility. There was competent evidence to support the verdict and the judgment entered thereon. We find no evidence in the record which warranted the submission to the jury of an instruction upon the question of contributory negligence.

The judgment is affirmed.

Mr. Justice Frantz and Mr. Justice Doyle concur.