No. 20,199.

RUTH KANTER *v.* THE CITY AND COUNTY OF DENVER, ET AL.
(386 P. [2d] 349)

Decided November 4, 1963.

Messrs. ISAACSON, ROSENBAUM, GOLDBERG and MILLER, Mr. JOHN S. PFEIFFER, for plaintiff in error.

Mr. ROBERT S. WHAM, City Attorney, Mr. TY R. WIL-

LIAMS, Assistant, for defendant in error City and County of Denver;

Messrs. McComb, Zarlengo and Mott, for defendant in error Coe.

*In Department.*

Opinion by Mr. Justice Hall.

The parties appear here in the same order as in the trial court. We refer to plaintiff in error as plaintiff or Kanter, and to the defendants in error as defendants or Denver and Coe Furniture.

Kanter commenced this action on November 1, 1960. In her complaint she alleges that at about four o'clock on the afternoon of March 3, 1960, she was walking west on the south side of Colfax Avenue, and as she reached a point in front of Coe Furniture, 1520 East Colfax, she slipped on some ice on the sidewalk in front of said store and fell and suffered severe injuries for which she seeks to be compensated.

In her complaint Kanter alleges that Coe Furniture, " * * * assumed control, management and maintenance of the sidewalk in front of its business enterprise, and * * * negligently removed snow and ice from the * * * sidewalk * * * and negligently permitted ice to accumulate thereon, * * *.

"That the said Defendants * * * knew, or should have known, of the dangerous condition of said sidewalk * * * in time to have remedied such condition by the exercise of reasonable care * * *."

Denver and Coe Furniture in separate answers denied negligence and set up defenses of unavoidable accident, plaintiff's negligence, contributory negligence, and assumption of risk.

Trial was to a jury. At the close of plaintiff's evidence and after she had rested her case, Denver and Coe

Furniture each moved for dismissal of plaintiff's case. These motions were granted and separate judgments entered in favor of Denver and Coe Furniture and against Kanter.

From the record it appears that during the three weeks prior to March 3, 1960, the weather had been very cold, with snow falling on numerous occasions and with some thawing periods. Coe Furniture had on each day that snow fell removed the same, and if ice had accumulated had chipped it away. On the day of the fall the walk, about fifteen feet wide, in front of Coe Furniture was generally clear and dry; however, there was an oval-shaped patch of ice about two and one-half feet by one foot, located some three or four feet from the front of Coe Furniture building. The ice was about the same color, "a little darker" than the sidewalk.

On the day of the fall the temperature was above freezing during part of the morning and until 3:00 P.M., when it dropped to below freezing.

There was no evidence as to when or how the ice had formed on the sidewalk.

■ The trial court correctly found that no evidence was presented from which it could be concluded that any affirmative act of Coe caused the formation of the ice on the sidewalk or its rough and uneven surface. Based on such finding the trial court, following the rule of law stated in *Grant Co. v. Casaday*, 117 Colo. 405, 188 P. (2d) 881: "At common law the owner of property abutting sidewalks owed no duty to pedestrians to keep the walks adjacent to his property free from snow and ice which accumulated through natural causes; he was not required to guard against injuries to pedestrians by scattering ashes thereon or taking other precautions; neither did he incur liability to persons injured by reason of the fact that he did not take such precautions. * * * ," dismissed plaintiff's complaint against Coe Furniture.

In dismissing Kanter's claim against Denver the trial judge stated:

"As to defendant City, it's agreed that the only way the City can be held in the case is on the grounds of constructive notice as to the existence of this patch of ice.

"But, again, there's absolutely no evidence in the record as to how long this patch of ice had existed. We know it existed at the time the plaintiff sustained her fall, but as to the question of how long it had been there, again we must rest this decision upon speculation and conjecture."

In order to hold Denver negligent it was incumbent upon plaintiff to prove that: (1) Denver had actual knowledge of the dangerous condition of the walk, or (2) that the ice had remained on the sidewalk a sufficient length of time to charge Denver with notice of its presence on the sidewalk.

There is no proof that Denver had actual or constructive notice of the dangerous condition of which complaint is made. The record contains no evidence as to when or how the ice formed on the sidewalk.

Because of such lack of proof the court properly dismissed plaintiff's complaint against Denver.

In *Brent v. Bank*, 132 Colo. 577, 291 P. (2d) 391, this court said: " * * * It may be said that in order to establish constructive notice on the part of the bank the plaintiffs must clearly and definitely establish that the ice in the parking lot was there long enough, and was of such dangerous character, that the bank, by the exercise of reasonable care, should have discovered and remedied it. * * * ."

The judgments are affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.