472 P.2d 752 (1970)
Mildred KEY, Plaintiff in Error,
v.
LERNER SHOPS OF COLORADO, INC., a Colorado corporation, Lincoln National Life Insurance Company, a Nebraska Life Insurance Company, and Richard Ramsdell, individually and doing business as All State Parking Corp., Defendants in Error, jointly and severally.
No. 70-229. (Supreme Court No. 23403.)
Colorado Court of Appeals, Div. I.
July 21, 1970.
John A. Kintzele, L. Joseph Pittroff, Denver, for plaintiff in error.
Wormwood, Wolvington, Renner & Dosh, Paul Renner, Sheldon, Nordmark & Bayer, Charles W. Sheldon, Jr., Denver, for defendants in error.
Not Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court *753 of Appeals under authority vested in the Supreme Court.
Mildred Key, the plaintiff, brought this tort action against the defendants to recover damages for injuries resulting from a fall on an icy, public sidewalk. A judgment in favor of the defendants was entered after a trial to the court, and the plaintiff seeks reversal.
The sidewalk on which plaintiff fell is located on the south side of 18th Street between Lincoln and Sherman Streets in Denver, Colorado. This sidewalk was adjacent to a garage and warehouse building owned by the defendant, Lincoln National Life Insurance Company. The building had been leased by the owner to the defendant, Lerner Shops of Colorado, Inc., and the latter had sublet the building to Richard Ramsdell, who occupied the premises at the time of the accident.
The pleadings put at issue defendants' negligence and plaintiff's contributory negligence. The trial court found in favor of defendants on both issues and plaintiff contends here that such findings are erroneous.
The principle factual issue presented by the evidence for determination by the court was the cause of the ice on the sidewalk. The owner or occupant of property abutting sidewalks owes no duty to pedestrians to keep the walks adjacent to his property free from ice and snow which has accumulated through natural causes. Kanter v. Denver, 153 Colo. 389, 386 P.2d 349; W. T. Grant Co. v. Casady, 117 Colo. 405, 188 P.2d 881. However, the owner may not create a hazardous condition upon a public sidewalk by negligently constructing or maintaining his premises so as to discharge water upon the walk. Sill v. Lewis, 140 Colo. 436, 344 P.2d 972.
Plaintiff attempted to prove that defendants did negligently maintain the building so as to discharge water upon the sidewalk, and that the icy condition of the walk was the result of the freezing of this water. This evidence was controverted by evidence that there had been snow storms on several days prior to the accident, and that this snow had alternately melted and frozen with the rise and fall of the temperature. The court resolved the question of the cause of the ice in favor of the defendants. Since the evidence was in conflict, the findings of the trial court on this issue will not be disturbed on review. Hipps v. Hennig, Colo., 447 P.2d 700; Whatley v. Wood, 157 Colo. 552, 404 P.2d 537.
The same rule applies to the court's finding that plaintiff was guilty of contributory negligence since, in this instance, this was also a question to be determined by the trier of fact.
Plaintiff contends that the trial court erred by refusing to admit into evidence a city ordinance prohibiting the discharge of water upon sidewalks. Since the court found the evidence insufficient to establish that water discharged from the building had formed the ice on the sidewalk, it is unnecessary to consider this contention.
Plaintiff contends that it was error for the trial court to strike her demand for a jury trial. This action was taken by the court because plaintiff failed to comply with a local rule of court (Denver Dist. Ct.R. 17(b)). This rule provides that a party who demands a jury trial as provided in R.C.P.Colo. 38 must pay a jury fee within ten days after the court has notified the parties of the trial date. This rule further provides that failure to comply with the rule "shall render the demand for a jury trial null and void." This rule was regularly adopted by the judges of the District Court and approved by the Colorado Supreme Court. Plaintiff concedes that she did not comply with this rule. The trial court's enforcement of this rule did not constitute reversible error.
Plaintiff's other assignments of error are without merit.
The judgment is affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.