499 P.2d 642 (1972)
Dorothea COOL, Plaintiff-Appellee,
v.
Richard VESEY, Defendant-Appellant.
No. 70-693.
Colorado Court of Appeals, Div. I.
May 9, 1972.
Rehearing Denied May 31, 1972.
Certiorari Denied August 8, 1972.
*643 Ralph A. Cole, Denver, for plaintiff-appellee.
Burnett, Watson, Horan & Hilgers, Edward Carelli, William P. Horan, Denver, for defendant-appellant.
Selected for Official Publication.
DWYER, Judge.
Plaintiff-appellee, Dorothea Cool, brought this action to recover damages for injuries she sustained when she tripped and fell in a parkway located between a city sidewalk and the curb of the street. The defendant is the owner of the property adjoining the street and sidewalk at the place where plaintiff fell. The jury resolved the issues of negligence and contributory negligence in plaintiff's favor and assessed her damages in the amount of $5,000. The defendant has appealed the judgment entered on the verdict. We affirm.
On October 3, 1968, at approximately 9:15 p. m., plaintiff was alighting from a car parked at the curb in front of defendant's property in Denver, Colorado. After she got out of the car, she stepped forward and tripped and fell over an obstruction in the parkway. The obstruction, known as a stop box, is a pipe mounted vertically in the ground and containing a shut-off valve in the water line connecting the main line in the street to the buildings located on defendant's property.
The Board of Water Commissioners operates the water system of the City and County of Denver and maintains and controls the main lines in the streets. The service lines are installed and maintained by the water user. The regulations promulgated by the Board provide:
Chapter 6, § 6.01 "Ownership and Installation. The service pipe and fittings through which a Licensee receives water service from the facilities of the Denver Municipal Water System shall be owned by and installed at the expense of the Licensee."
The regulations further provide:
Chapter 6, § 6.04 "Maintenance. The maintenance and protection of privatelyowned piping, including service pipe and fittings, fixtures and water using applicances (sic) . . . whether located in or upon public or private property, is the exclusive responsibility of the owner thereof."
Under these regulations, the maintenance of the stop box is the responsibility of the property owner. Stop boxes may be and are used by both the property owner and the water board.
On this appeal, defendant does not contest the jury's finding that the stop box was negligently maintained. He contends, however, that as to the plaintiff he had no duty to maintain the stop box in a reasonably safe condition. On this issue of defendant's duty to plaintiff, the court instructed the jury as follows:
"An abutting landowner who utilizes an instrumentality in a public way in the beneficial use of his property and said instrumentality is under his control likewise has the duty to use reasonable care in the construction and maintenance of the instrumentality in a reasonably safe condition ....
"You are instructed that if you find from the evidence that the protruding *644 pipe in question was an instrumentality used by the defendant in the beneficial ownership of his property and was under the control of the defendant it was the duty of the defendant to exercise reasonable care to maintain it . . . ."
This is a correct statement of the law applicable to the facts of this case. The fact that the stop box was located on city property does not relieve defendant of liability for his own negligence. He had the use of the stop box; he had control of it; and he had a duty to maintain it in a reasonably safe condition. An owner of land abutting a sidewalk or other public way is liable for failure to exercise reasonable care in maintaining an instrumentality located in the public way where that instrumentality is under his control and is utilized by him in the use of his property. See Huguley v. Trolinger, 169 Colo. 1, 452 P.2d 1006, which cites with approval Restatement (Second) of Torts § 350, and Belcaro Realty Investment Co. v. Norton, 103 Colo. 485, 87 P.2d 1114.
Under factual circumstances similar to those of the instant case, the Supreme Court of Nebraska, in Crosswhite v. City of Lincoln, 185 Neb. 331, 175 N.W.2d 908, affirmed a judgment against both the city and the water consumer in a suit brought by a pedestrian to recover damages for injuries sustained when she tripped and fell over a stop box after alighting from her car. The court held that:
". . . where persons are injured by a dangerous sidewalk condition created and maintained subject to the joint control of the city and an abutting landowner, and where the condition is maintained for the benefit of a proprietary business operated by the city, and is also for the benefit of the property of the abutting landowner, the city and the abutting landowner are joint or concurrent tort-feasors and each is directly liable for his own wrong."
Defendant cites W. T. Grant Co. v. Casady, 117 Colo. 405, 188 P.2d 881, which holds that the city has the primary duty to maintain sidewalks in a reasonably safe condition and that such duty cannot be delegated to abutting property owners. Defendant argues that it was solely the city's duty to maintain the stop box and the parkway in which it was located in a reasonably safe condition and that such duty could not be delegated to defendant by regulations adopted by the water board. This argument is without merit. Defendant's duty to the plaintiff is not one imposed upon him by regulations of the water board, but his duty is one arising from his obligation to use reasonable care in the maintenance of an instrumentality which he is using and over which he has a right of control.
Judgment affirmed.
SILVERSTEIN, C.J., and ENOCH, J., concur.