Joseph W. BITTLE, Plaintiff-Appellant,

v.

Anthony G. BRUNETTI, Anthony C. Streno, Frank Capra, Don Eafanti, Jim Duca, Mike Musso, Delbert T. Dardano, Any Figliolino, Jim Martelli and Robert L. DeRose, individually, and doing business as Primo Investments, and John Does I through V, whose true names are unknown, Defendants-Appellees.

No. 84CA1193.

Colorado Court of Appeals,
Div. I.

Sept. 26, 1985.

Rehearing Denied Oct. 31, 1985.

Certiorari Granted Jan. 27, 1986.

 

Bartholomew & Cristiano, Francis V. Cristiano, Denver, for plaintiff-appellant.

DeMoulin, Anderson, Campbell & Laugesen, P.C., Myron H. Burnett, Denver, for defendants-appellees.

PIERCE, Judge.

In this slip and fall case, plaintiff, Joseph W. Bittle, appeals from the summary judgment entered in favor of defendants, Anthony G. Brunetti, Anthony C. Streno, Frank Capra, Don Eafanti, Jim Duca, Mike Musso, Delbert T. Dardano, Andy Figliolino, Jim Martelli and Robert L. DeRose, individually, and doing business as Primo Investments. We affirm.

The facts are undisputed. Following a snowfall, defendants allowed snow to accumulate on the sidewalk abutting commercial property owned by them. This accumulation caused plaintiff to fall and sustain injuries.

The sidewalk is owned by the City and County of Denver which has enacted a city ordinance concerning the removal of snow and ice. This ordinance, Denver Revised Municipal Code, § 49–551(a), provides:

> The owner, occupant or agent of the owner of any building, property, or vacant lot in the city is required to maintain the sidewalks, the parking and the curbs, i.e., the area from the property line to the gutter, adjoining the building, property or vacant lot in a clean condition and

to remove snow and ice from adjoining sidewalks immediately after every snowfall.

Plaintiff contends that it was improper for the trial court to grant summary judgment in favor of defendants arguing that proof of a violation of the above ordinance establishes that defendants, commercial landowners, were negligent per se. We disagree.

## I.

An ordinance which requires an abutting landowner to remove snow and ice from a public walk is penal only and cannot serve as a basis of civil liability for one injured on the walk. *Kanter v. Denver,* 153 Colo. 389, 386 P.2d 349 (1963); *W.T. Grant Co. v. Casady,* 117 Colo. 405, 188 P.2d 881 (1948). This rule has been applied uniformly to commercial and residential landowners. *See, e.g., Ellsworth v. Colorado Beverage Co.,* 150 Colo. 19, 370 P.2d 159 (1962); *Key v. Lerner Shops,* 472 P.2d 752 (Colo.App. 1970) (not selected for official publication).

## II.

Plaintiff's argument that the foregoing rule is inapplicable to this case is equally unpersuasive. In formulating the rule, our supreme court relied upon the common law which did not impose a duty on the owner of property abutting sidewalks to keep the walks free from snow and ice which accumulated through natural causes. *W.T. Grant Co. v. Casady, supra.* This rule applies where, as here, the abutting landowner does not undertake to clear icy, snowy sidewalks.

There being no genuine issue of material fact, defendants were entitled to judgment as a matter of law. C.R.C.P. 56. Accordingly, the judgment of the trial court is affirmed.

KELLY and BABCOCK, JJ., concur.