Michael WOODS and Jeane Woods, Plaintiffs–Appellants,

v.

DELGAR LTD., d/b/a Acqua Pazza, Defendant–Appellee.

No. 08CA1288.

Colorado Court of Appeals, Div. VI.

July 23, 2009.

Cohen Horner, LLP, Mark S. Cohen, Susan Morath Horner, Boulder, Colorado, for Plaintiffs–Appellants.

The Ross–Shannon Law Firm, P.C., Bradley Ross–Shannon, Mark J. Gauthier, Lakewood, Colorado, for Defendant–Appellee.

Opinion by Judge CARPARELLI.

In this personal injury action, we affirm the district court's summary judgment in favor of defendant, Delgar Ltd., on the negligence claim filed by plaintiffs, Michael and Jeane Woods.

Mr. Woods suffered permanent injury to his head and spine after falling on a patch of ice on a public sidewalk adjacent to a restaurant. Delgar (lessee) operated the restaurant in space it leased from the building

owner, Vail Lizard, LLC. There is evidence that the ice formed after water dripped from an awning and froze on the sidewalk. Plaintiffs filed suit against the building owner and the lessee, asserting claims of negligence, public nuisance, loss of consortium, and premises liability under section 13–21–115, C.R.S.2008. The district court entered summary judgment in favor of lessee on plaintiffs' negligence claim.

## I. The Issue

This case presents an issue of first impression in Colorado: whether a lessee owed a duty of reasonable care to the plaintiffs when snow naturally fell on an awning attached outside the leased premises and melted, resulting in water dripping onto the sidewalk and freezing.

## II. Proceedings in the District Court

The owner settled with plaintiffs, and lessee then moved for summary judgment. It argued that the premises liability statute, if it were applicable, would provide plaintiffs' exclusive remedy, but that, because the statute only applied to landowners and lessee was not a landowner, all claims should be dismissed.

Plaintiffs withdrew their premises liability claim, but argued that their negligence claim should not be dismissed because, under common law and municipal ordinance, lessee owed a duty to the public to prevent the unnatural accumulation of hazardous ice on public sidewalks that abutted the property it leased.

The district court granted summary judgment. Relying on *Bittle v. Brunetti,* 750 P.2d 49 (Colo.1988); *Kanter v. City & County of Denver,* 153 Colo. 389, 386 P.2d 349 (1963); *Brame v. Schroeder,* 532 P.2d 763 (Colo.App.1974) (not published pursuant to C.A.R. 35(f)); and *Key v. Lerner Shops of Colorado, Inc.,* 472 P.2d 752, 753 (Colo.App. 1970) (not published pursuant to C.A.R. 35(f)), it concluded that defendant engaged in no affirmative act related to the hazardous condition, and, therefore, owed no duty to plaintiffs.

## III. Standard of Review

Summary judgment is a drastic remedy that is only appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Murry v. GuideOne Specialty Mut. Ins. Co.,* 194 P.3d 489, 491 (Colo.App.2008); *see* C.R.C.P. 56(c). We review de novo a trial court's entry of summary judgment. *Arthur v. City & County of Denver,* 198 P.3d 1285, 1286 (Colo.App.2008).

## IV. Negligence

■ To establish a prima facie claim of negligence, a plaintiff must show a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and causation (i.e., that the defendant's breach caused the plaintiff's injury). *Gerrity Oil & Gas Corp. v. Magness,* 946 P.2d 913, 929 (Colo. 1997). The existence of a legal duty of care is a question of law for the trial court. *Metro. Gas Repair Serv., Inc. v. Kulik,* 621 P.2d 313, 317 (Colo.1980) (*Kulik*).

■ Where the law imposes no duty on a defendant to act for the plaintiff's benefit, a negligence claim must fail. *Safehouse Progressive Alliance for Nonviolence, Inc. v. Qwest Corp.,* 174 P.3d 821, 830 (Colo.App. 2007).

### A. Duty of Care

■ In *Bittle,* 750 P.2d at 52, the court explained that whether a defendant owes a duty to the plaintiff is a question of law and requires consideration of a variety of factors. *See also Smith v. City & County of Denver,* 726 P.2d 1125, 1127 (Colo.1986); *Jefferson County School Dist. R–1 v. Justus,* 725 P.2d 767, 769 (Colo.1986). The defendant's ownership, possession, and control of the injury-causing circumstances or instrumentality are relevant to determining whether a duty was owed. *See, e.g., Univ. of Denver v. Whitlock,* 744 P.2d 54, 62 (Colo.1987) (lessor that had only limited control over lessee's use of premises did not have duty to assure safe conditions).

■ Although municipalities have the primary duty to keep sidewalks in a reasonably safe condition for pedestrians, owners and

occupants of property abutting sidewalks do not have the right to create obstructions or hazards on the sidewalks. *W.T. Grant Co. v. Casady,* 117 Colo. 405, 411, 188 P.2d 881, 884 (1948); *Belcaro Realty Inv. Co. v. Norton,* 103 Colo. 485, 489, 87 P.2d 1114, 1116 (1939).

In *Huguley v. Trolinger,* 169 Colo. 1, 6, 452 P.2d 1006, 1008 (1969), the defendants placed gravel on a driveway adjacent to a sidewalk, and, with the defendants' knowledge, cars driving on the gravel caused some of it to be thrown onto the sidewalk. Citing *Sill v. Lewis,* 140 Colo. 436, 344 P.2d 972 (1959), the supreme court concluded that, to the extent that the gravel on the sidewalk constituted a hazardous condition and caused injury to a pedestrian, the defendants could be held liable. *Huguley,* 169 Colo. at 6, 452 P.2d at 1008. The court cited with approval Restatement (Second) of Torts section 350 as setting forth the duty of the defendant. That section reads as follows:

> A possessor of land over which there is a public highway is subject to liability for physical harm caused to travelers thereon by a failure to exercise reasonable care in creating or maintaining in reasonably safe condition any structure or other artificial condition created or maintained in the highway by him or for his sole benefit subsequent to its dedication.

At least three states have ruled that the owner or occupant of adjacent property may be liable to a pedestrian when it constructs or maintains a canopy in such a manner that it creates "an artificial discharge and accumulation of water upon the sidewalk, which, when frozen, makes the use of the sidewalk dangerous." *Strandness v. Montgomery Ward,* 199 N.W.2d 690, 691 (N.D.1972); *see also Tyrrell v. Investment Assocs., Inc.,* 16 Ohio App.3d 47, 474 N.E.2d 621, 624 (1984); *Bennett v. McGoldrick–Sanderson Co.,* 15 Wash.2d 130, 129 P.2d 795, 798 (1942). Consideration of whether the defendant constructed or maintained the canopy so as to create a hazard is consistent with the Restatement section 350 consideration of whether the possessor of land created or main-

tained a structure in the public highway for the possessor's sole benefit.

In *MacDonald v. Adamian,* 294 Mass. 187, 200 N.E. 888, 890–91 (1936), the court considered whether the plaintiff had presented evidence that the roof and gutters of the building were under the control of the property owner. In that context, it stated, "The tenant commonly would not be liable[,] in the absence of agreement[,] for accumulation of snow and ice arising from a defective spout or gutter. . . . [T] he lease was not in evidence and its terms are not recited. Whether the landlord retained control of the roof and gutters was a question of fact upon all the evidence." *MacDonald,* 200 N.E. at 891.

Similarly, in *Bennett,* 129 P.2d at 798, the Supreme Court of Washington held that a lessee has a duty when it creates or contributes to a dangerous condition, occupies and controls the entire building, has been given the right to alter or repair the premises, or has covenanted with the landlord to fulfill the landlord's duty of care with regard to adjacent sidewalks.

 In their argument to the district court and in their appellate brief, plaintiffs refer to *Key,* 472 P.2d at 753, to support their arguments that a landowner may not construct or maintain its premises in a manner that permits water to be discharged onto the sidewalk, and that the question of negligent construction or maintenance is a question of fact for the jury to determine. Because *Key* was not selected for publication, it is not precedent.[1] To the extent that plaintiffs argue that its rationale should be applied here, we are not persuaded. Here, the defendant is a lessee, not a landowner, and plaintiffs presented no evidence that lessee constructed the awning, had any control over whether the awning remained affixed to the building, or was responsible for its maintenance. Nor did plaintiffs present evidence that the hazard resulted from negligent maintenance of the awning.

---

1. Although the court's published policy forbids the citation of unpublished cases, parties may cite cases decided between January 1, 1970 and November 1, 1975 that appear in the Pacific Second Reporter. However, trial courts are not required to follow those cases as precedent.

## B. Snow on Sidewalks

■ By definition, naturally accumulated snow and ice on sidewalks result from natural, not human causes. Accordingly, in Colorado, the owner or occupant of premises abutting a public sidewalk does not have a common law duty to pedestrians to keep the public sidewalks abutting its property clear of naturally accumulated snow and ice. *Bittle,* 750 P.2d at 51–52; *W.T. Grant Co. v. Casady,* 117 Colo. 405, 412, 188 P.2d 881, 884 (1948).

However, there are no Colorado cases that address whether and when such a duty exists where an accumulation of snow and ice is not naturally occurring. *See Bittle,* 750 P.2d at 51 n. 2 (collecting cases); *Kanter v. City & County of Denver,* 153 Colo. 389, 391–92, 386 P.2d 349, 350 (1963); *Easton v. 1738 Partnership,* 854 P.2d 1362, 1366 (Colo.App.1993). In addition, there are no cases that explicitly address the liability of a lessee for hazardous ice or snow on a public sidewalk adjacent to the leasehold.

In *Kanter,* the supreme court held that a landowner had no liability because there was no evidence from which it could be concluded that he had engaged in any affirmative act that resulted in the formation of the ice on the sidewalk. *Kanter,* 153 Colo. at 391, 386 P.2d at 350. Although the issue we decide here was not presented in *Bittle,* the supreme court, in two footnotes, recognized that a defendant may be liable for a snow or ice hazard on a public sidewalk when the defendant engaged in an "affirmative act" to create the hazard. *Bittle,* 750 P.2d at 51 n. 2 (citing Colorado opinions discussing duty of care when hazard was created by an affirmative act of the defendant), 53 n. 5 (noting that in *Kanter,* there was no evidence that any "affirmative act" by the defendant had caused the ice to form; that the only situation in which liability had been imposed on the owner of adjacent land for injuries incurred by a pedestrian on an icy public sidewalk was in *Sill v. Lewis,* 140 Colo. 436, 437, 344 P.2d 972, 972 (1959)), where the landowner discharged water onto the sidewalk and it turned to ice.

## V. Analysis and Conclusions

### A. Common Law Duty

Here, plaintiffs argued that the awning attached to lessee's restaurant created the hazard. However, the district court found that plaintiffs had submitted no evidence that lessee took any affirmative action that led to the creation of the hazardous snow and ice condition on the sidewalk, and, therefore, the evidence could not establish common law negligence on lessee's part.

We conclude that the district court did not err. The essential question is whether lessee owed a duty to plaintiffs. Absent evidence that lessee controlled, constructed, or maintained the awning from which the water allegedly dripped, there can be no duty. Here, there is no evidence that lessee controlled, constructed, or maintained the awning, or that the ice hazard on which Mr. Woods fell resulted from any other act of lessee.

We reject plaintiffs' contention that, because the accumulation of ice was foreseeable, lessee had a duty to remove or mitigate the danger it posed. In *Huguley,* the gravel upon which the plaintiff fell would not have been on the sidewalk but for the defendant's affirmative act of spreading the gravel on the entrance to the parking area where cars could kick the gravel onto the sidewalk. In *Cool v. Vesey,* 31 Colo.App. 1, 3–4, 499 P.2d 642, 643–44 (1972), the defendant was the landowner and controlled the construction and maintenance of the injury-causing instrumentality. In *Mile High Fence Co. v. Radovich,* 175 Colo. 537, 489 P.2d 308 (1971), which was decided before the current premises liability statute was enacted, the injury-causing instrumentality was on the landowner's premises, not on the public way. In *Gladin v. Von Engeln,* 195 Colo. 88, 575 P.2d 418 (1978), the landowner had control of the injury-causing instrumentality.

To the extent that any of plaintiffs' allegations might be construed to allege that lessee created, controlled, or maintained the awning, plaintiffs presented no evidence to support such an allegation. To the extent plaintiffs contend that lessee owed them a duty because it was foreseeable that water would drip from the awning, freeze on the sidewalk,

and create an unreasonable hazard to pedestrians, there is no precedent in Colorado law imposing such a duty.

## B. Negligence Per Se

Plaintiffs argue that a City of Boulder municipal ordinance established that lessee had a duty to them under the doctrine of negligence per se, and that the district court erred in rejecting that theory. We disagree.

■■■■ Negligence per se is a common law doctrine that rests on the principle that a legislative enactment can prescribe the standard of conduct of a reasonable person, such that violation of the enactment constitutes negligence. *Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 573 (Colo. 2008). However, for laws concerning snow hazards, the negligence per se doctrine applies only when the enacting body—whether a municipal government or the General Assembly—specifically states that a property owner will be civilly liable for violation of the ordinance or statute. *Bittle*, 750 P.2d at 59.

The ordinance here provides:

(a) No owner, lessee, or occupant of property shall cause or permit water to flow upon any sidewalk, street, alley, or other public right-of-way:

 (1) So as to impair the use of such place;

 (2) When the weather is such that the water may be frozen into ice;

 (3) Where the drainage is such that it may create a hazard to persons or property.

Boulder Rev.Code § 8-2-8 (2009).

In *Easton*, a division of this court considered whether the same Boulder municipal ordinance established negligence per se. *Easton*, 854 P.2d at 1365-66. It concluded that, although the ordinance could support a negligence per se theory based on a landowner's discharge of *water* onto a sidewalk, there could be no such liability for injury proximately caused by discharge of *water from melting snow* absent an affirmative act of the landowner that contributed to the plaintiff's injury. *Easton*, 854 P.2d at 1366.

■■■■ We agree with the analysis in *Easton*, apply the same analysis here, and, likewise, conclude that the Boulder Revised Code section 8-2-8 (2009) did not impose a duty on lessee or render it negligent per se.

## VI. Entry of Summary Judgment Was Appropriate

■■■■ Plaintiffs contend that lessee's motion for summary judgment sought judgment only as to its premises liability claim and that the district court erred when it granted summary judgment as to its common law negligence claim. We disagree.

Plaintiffs' complaint asserted claims for common law negligence as well as premises liability. Lessee's motion for summary judgment explicitly asked the court to dismiss plaintiffs' negligence and premises liability claims against it. However, as plaintiffs assert, lessee's overarching argument was that the premises liability statute provided the exclusive remedy against landowners and it was not a landowner. However, it also argued that, in its lease agreement, the building owner covenanted to provide all exterior maintenance and to repair common areas including, among other things, walkways and sidewalks. It also argued that it had no duty under the City of Boulder Code and that it did not design, construct, or maintain the awning or sidewalks. In its prayer, lessee asked the court to dismiss plaintiffs' claims for negligence and to conclude that lessee was not a landowner for purposes of the premises liability statute. Although the motion discusses the premises liability statute at length, it also asserts that lessee did not owe a duty to plaintiffs under common law or the city code and it asked the court to dismiss all negligence claims.

If there was any ambiguity in the motion, plaintiffs' response addressed all possible interpretations. In it, plaintiffs first conceded that the premises liability statute did not apply. They then argued that lessee owed them a common law duty to take reasonable steps to prevent injuries that might result from ice that formed on the sidewalk as a result of moisture dripping from the awnings. They argued that, under common law, the occupant of premises has a duty when ice is caused by its activity and the risk to pedestrians was foreseeable. They acknowledged

that lessee at least had suggested that it had no duty and they argued the contrary. Plaintiffs' response also argued that lessee had a duty based on the Boulder code.

We conclude that lessee's motion sought judgment as to the claim of common law negligence and argued that lessee owed no duty to plaintiffs. We also conclude that, to the extent there was any ambiguity in the motion, plaintiffs' response ensured that the issue of lessee's common law duty was thoroughly addressed for the court's consideration. Accordingly, we conclude the court did not err when it determined that lessee did not owe plaintiffs a duty and, as a result, granted summary judgment to lessee on plaintiffs' negligence claim.

We affirm the district court's grant of summary judgment to lessee.

Judgment affirmed.

Judge HAWTHORNE and Judge TERRY concur.