Cynthia BURBACH, Plaintiff–Appellant,

v.

CANWEST INVESTMENTS, LLC, Defendant–Appellee.

No. 08CA2342.

Colorado Court of Appeals, Div. VII.

Dec. 24, 2009.

Law Offices of Kevin C. Flesch, LLC, Kevin C. Flesch, Lori Beck, Englewood, Colorado, for Plaintiff–Appellant.

The Ross–Shannon Law Firm, P.C., Bradley Ross–Shannon, Mark J. Gauthier, Lakewood, Colorado, for Defendant–Appellee.

Opinion by Judge J. JONES.

Plaintiff, Cynthia Burbach, appeals the district court's entry of summary judgment in favor of defendant, Canwest Investments, LLC, on her claim under the premises liabili-

ty statute, section 13–21–115, C.R.S.2009. We affirm.

In this case, a municipal ordinance imposed a duty on an owner of property adjacent to a public sidewalk to clear the sidewalk of snow and ice. The primary question before us is: Where such an ordinance exists, does the premises liability statute operate to abrogate the common law rule—referred to as the "no duty" rule—that such an owner does not owe a duty to pedestrians to clear naturally accumulated snow and ice from an adjacent public sidewalk? We answer that question "no." We further conclude that Canwest did not assume a duty to pedestrians to clear the sidewalk merely because it complied with the snow removal ordinance at issue from time to time. Therefore, the no duty rule applies here, and Ms. Burbach's premises liability claim against Canwest fails as a matter of law.

## I. Background

Ms. Burbach brought this premises liability action against Canwest alleging that she was injured when she slipped and fell on snow and ice that had naturally accumulated on a public sidewalk adjacent to property Canwest owned. Canwest moved for summary judgment, arguing that it was not a landowner of the public sidewalk under the premises liability statute and that the premises liability statute did not operate to abrogate the common law no duty rule notwithstanding that a Denver ordinance required it to clear the sidewalk of naturally accumulated snow and ice. The district court agreed that the premises liability statute did not displace the common law no duty rule in these circumstances and granted summary judgment in Canwest's favor.

## II. Standard of Review

We review de novo the district court's grant of a motion for summary judgment. *See A.C. Excavating v. Yacht Club II Homeowners Ass'n,* 114 P.3d 862, 865 (Colo.2005). We also review de novo questions of statutory interpretation. *Clyncke v. Waneka,* 157

P.3d 1072, 1076 (Colo.2007); *Miller v. Brannon,* 207 P.3d 923, 928 (Colo.App.2009).

## III. The Common Law No Duty Rule

■ As noted, under Colorado common law, an owner of property adjacent to a public sidewalk does not have a duty to pedestrians to keep the sidewalk reasonably clear of naturally accumulated snow and ice. *Bittle v. Brunetti,* 750 P.2d 49, 51–55 (Colo. 1988); *W.T. Grant Co. v. Casady,* 117 Colo. 405, 410–12, 188 P.2d 881, 883–84 (1948).[1] In *Bittle,* the court held that, at common law, a snow removal ordinance requiring an owner of property adjacent to a public sidewalk to clear snow and ice from the sidewalk does not render the no duty rule inapplicable because such ordinances are "enacted primarily for the benefit of the community as a whole, and individual pedestrians are only indirect beneficiaries." *Bittle,* 750 P.2d at 56–57 ("it is not fair or appropriate for courts to use snow removal ordinances to impose civil liability absent explicit instructions from the legislative branch of government"). Divisions of this court have similarly ruled, in applying the common law, that such ordinances do not impose liability on property owners to third persons absent the express imposition of such liability. *Woods v. Delgar Ltd.,* 226 P.3d 1178, 1183 (Colo.App. No. 08CA1288, July 23, 2009) (the negligence per se doctrine is applicable only if the body enacting a snow removal ordinance "specifically states that a property owner will be civilly liable for violation of the ordinance"); *Nordin v. Madden,* 148 P.3d 218, 221 (Colo. App.2006) (the violation of a snow removal ordinance was not a basis for civil liability because nothing in the ordinance itself imposed such liability); *cf. Foster v. Redd,* 128 P.3d 316, 319 (Colo.App.2005) (the district court properly granted summary judgment in favor of the defendant on the plaintiff's negligence per se claim because "an ordinance requiring adjoining owners to keep the city's sidewalks and curbs 'in good condition' primarily benefit[ed] the municipality" and,

---

1. The owner may be liable, however, if it engaged in an "affirmative act" to create the snow

or ice hazard. *Bittle,* 750 P.2d at 53–54 n. 5.

while it imposed a penalty for noncompliance, it did not create civil liability for violators).

■ Here, it is undisputed that the sidewalk was publicly owned and that Denver's snow removal ordinance does not create civil liability to pedestrians for a violation. *See* Denver Rev. Mun.Code 1–13, 1–15, 49–551(a). Rather, a violation of the ordinance subjects the property owner only to fines and imprisonment. Denver Rev. Mun.Code 1–15.

Therefore, Canwest has no liability to Ms. Burbach at common law, as she concedes. She contends, however, that the snow removal ordinance renders Canwest liable as a "landowner" under the premises liability statute. We note that in *Vigil v. Franklin,* 103 P.3d 322, 329 n. 12 (Colo.2004), the supreme court indicated, in dictum, that although the premises liability statute was not in effect when *Bittle* was decided, the result in *Bittle* would have been the same if the statute had been in effect "because the plaintiff was not injured 'while on the real property of' the landowner defendant, but on a publicly owned sidewalk." But because no Colorado appellate court has decided whether the premises liability statute displaces the common law no duty rule in these circumstances, we must address Ms. Burbach's contention head on.

### IV. The Meaning of "Landowner" in the Premises Liability Statute

Our primary tasks in construing a statute are to determine and give effect to the General Assembly's intent. *Brown v. Faatz,* 197 P.3d 245, 252 (Colo.App.2008); *Premier Farm Credit, PCA v. W–Cattle, LLC,* 155 P.3d 504, 513 (Colo.App.2006). We first look to the language of the statute and construe it according to its plain and ordinary meaning. *Brown,* 197 P.3d at 252; *Premier Farm Credit,* 155 P.3d at 513. "In addition, we must construe the statute as a whole to give consistent, harmonious, and sensible effect to all its parts." *Premier Farm Credit,* 155 P.3d at 513.

■ The premises liability statute provides the sole remedy (if any) for a person alleging injury that occurred on "property of another" and that arose out of a condition of the property. § 13–21–115(2); *Vigil,* 103 P.3d at 328–29. It was enacted in response to a decision by the supreme court, *Mile High Fence Co. v. Radovich,* 175 Colo. 537, 489 P.2d 308 (1971), which "overruled the common-law principles of landowner liability that had turned on the status of the person entering the property" as a trespasser, licensee, or invitee. *Pierson v. Black Canyon Aggregates, Inc.,* 48 P.3d 1215, 1218 (Colo.2002). Its express purposes are to (1) "promote a state policy of responsibility by both landowners and those upon the land"; (2) "assure that the ability of an injured party to recover is correlated with his status as a trespasser, licensee, or invitee"; (3) "impos[e] on landowners a higher standard of care with respect to an invitee than a licensee, and a higher standard of care with respect to a licensee than a trespasser"; (4) "create a legal climate which will promote private property rights and commercial enterprise and will foster the availability and affordability of insurance"; and (5) "protect landowners from liability in some circumstances when they were not protected at common law...." § 13–21–115(1.5)(a), (c)-(e). More broadly stated, it is clear the General Assembly intended "to establish a comprehensive and exclusive specification of the duties landowners owe to those injured on *their property.*" *Vigil,* 103 P.3d at 328 (emphasis added); *see also id.* at 332 (Kourlis, J., dissenting) ("[T]he statute narrows the landowner's exposure to liability.... [T]he purpose of the act is to constrain and limit [private landowner] liability."); *Pierson,* 48 P.3d at 1219 ("The overriding purpose of the premises liability statute is to clarify and to *narrow* private landowners' liability to persons entering *their land,* based upon whether the entrant is a trespasser, licensee, or invitee.") (emphasis added).

Notwithstanding the General Assembly's clear expression of intent to narrow landowner liability, Ms. Burbach contends the General Assembly effectively expanded that liability. Specifically, she contends the statute defines "landowner" in a way which abrogates the common law no duty rule—that is, which renders an owner of property adjacent to a public sidewalk a "landowner" of that sidewalk where a municipal ordinance re-

quires the adjacent landowner to remove snow and ice from the sidewalk. We reject this contention.

■ An injured person may bring a claim under the premises liability statute only against a "landowner." *See* § 13–21–115(2). A person need not hold title to property to be considered a "landowner" under the premises liability statute. *See Pierson,* 48 P.3d at 1219. A "landowner" includes "an authorized agent or a person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property." § 13–21–115(1). Here, Ms. Burbach does not contend that Canwest was in possession of the sidewalk, and therefore that aspect of the definition of a landowner is not before us.

■ The supreme court has held that the phrase "a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property" does *not* mean "someone who could be held legally liable for the alleged tort." *Pierson,* 48 P.3d at 1220–21. Rather, it means "a person who is legally conducting an activity on the property or legally creating a condition on the property" because those persons are " 'responsible' for the activity or condition and, therefore, prospectively liable to an entrant onto the property." *Id.* at 1221.

■ Ms. Burbach argues only that Canwest was "legally responsible" for the condition of the sidewalk by virtue of conducting an activity on the sidewalk, and so we limit our analysis to that aspect of the statutory definition of a landowner.[2]

In *Pierson,* the court defined "responsible" as " '[a]nswerable, accountable, (to); liable to be called to account; having authority or control; being the cause.' " *Id.* (quoting II *New Shorter Oxford English Dictionary* 2567 (1993)). And the court made clear that, to be "legally responsible" by virtue of "con-

ducting an activity on the property," that activity must have, "in turn, caused injury to someone." *Id.; see also id.* ("[T]he focus becomes whether the defendant is someone who is legally entitled to be on the real property and whether that defendant is responsible for … conducting an activity on real property *that injures an entrant.*") (emphasis added).

But there is another, more fundamental, limitation on the term "legally responsible" as used in the premises liability statute—one which requires rejection of Ms. Burbach's claim. As noted, the statute governs liability vis-à-vis "property of another," which means the landowner's property. *See Vigil,* 103 P.3d at 329 n. 12 (construing "property of another" as " 'property of the landowner defendant' " and stating, albeit in dictum, that a public sidewalk (even as covered by a snow removal ordinance) is not such a property). To be sure, one may be a landowner without having exclusive or even partial possession of the property. But in defining "legally responsible," we believe the court in *Pierson* intended to refer to a party who, although not necessarily in possession of property, nonetheless has a right to be on that property by virtue of some legally cognizable interest in the property or a right personal to that party (i.e., distinguishable from any right of the public generally). Absent such an interest or right, the property in question is not "property of" the allegedly liable party in any meaningful sense.

■ Though Denver's snow removal ordinance imposes on property owners an obligation to remove snow and ice from adjacent public sidewalks, it does not convey any legal interest in the sidewalks to the adjacent property owners. Nor does it grant any right to be on the sidewalk that is not possessed by the public generally. Therefore, the snow removal ordinance does not make public sidewalks "property of" adjacent property owners.

---

2. A private owner of property adjacent to a public sidewalk is not accountable for creating a condition on the sidewalk where the cause of the condition is naturally accumulated snow and ice. *See Woods,* 226 P.3d at 1182 ("By definition, naturally accumulated snow and ice on sidewalks result from natural, not human causes."). Ms. Burbach does not contend that Canwest created the condition.

In short, we perceive nothing in the language of the premises liability statute which indicates the General Assembly intended to abrogate the no duty rule. Indeed, as noted, the statute was intended to narrow, not expand, landowner liability. We therefore decline Ms. Burbach's invitation for us to construe the statute in a manner that would create the anomalous result whereby one's liability as to property in which it does not have a legal interest is expanded at the same time its liability as to property in which it has a legal interest is contracted. *See Fishbach v. Holzberlein,* 215 P.3d 407, 409 (Colo. App.2009) (a court will not adopt an interpretation of a statute that leads to an illogical or absurd result or that is at odds with the legislative scheme).

### V.   Assumption of Duty

■ Though Ms. Burbach appeals the summary judgment on her statutory premises liability claim, and argues that Canwest is liable because it assumed a duty to her by complying with the snow removal ordinance on other occasions, she does not explain precisely how the alleged assumption of a duty renders an entity a landowner within the meaning of the premises liability statute. Nonetheless, we conclude that, even assuming an entity could become liable under the statute by assuming a duty, Canwest did not assume a duty here.

Although Canwest employed maintenance personnel who shoveled snow from the sidewalk from time to time, Canwest did not remove the snow voluntarily, but rather did so pursuant to the snow removal ordinance to avoid the imposition of penalties. Therefore, it did not assume a duty to clear the sidewalk. *See Jefferson County Sch. Dist. R–1 v. Justus,* 725 P.2d 767, 770 (Colo.1986) ("a party may assume duties of care by *voluntarily* undertaking to render a service") (emphasis added). Moreover, as noted above, case law is clear that a snow removal ordinance does not create a duty to third persons absent an express statement to that effect. The ordinance here contains no such statement.

In sum, we conclude that Canwest was not legally responsible for the condition of the sidewalk under the premises liability statute. The district court therefore properly granted summary judgment in Canwest's favor.

The judgment is affirmed.

Judge RUSSEL and Judge TERRY concur.